[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12255

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NAKEGO ENOS ELLINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80026-AMC-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Nakego Ellington appeals his sentence of 100 months' imprisonment for distribution of methamphetamine. On appeal, Ellington argues that: (1) his sentence was substantively unreasonable because the district court failed to consider and give adequate weight to the fact that the drug guidelines are not empirically based and overstate the seriousness of methamphetamine offenses; and (2) the court committed a clear error in balancing the 18 U.S.C. § 3553(a) factors by not giving weight to several mitigating factors. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted).

In reviewing the substantive reasonableness of a sentence, we consider the "totality of the circumstances." *Id.* (quotations omitted). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The court must consider all of the § 3553(a)

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the

factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *Id*. at 1256.

A district court may abuse its discretion in imposing a sentence if it (1) fails to consider relevant § 3553(a) factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). However, we will only vacate for abuse of discretion if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted).

---

public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The Supreme Court has explained that lower courts can vary from the Guidelines "based solely on policy considerations," including disagreements with disparities between drug sentences. *Kimbrough v. United States*, 552 U.S. 85, 100–01 (2007) (quotations omitted). But the absence of empirical evidence behind a Guideline "is not an independent ground that compels the invalidation of a guideline." *United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010). Rather, "*Kimbrough* empowered the district courts with this discretion, but it did not command them to exercise it." *Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013).

When imposing a sentence, the district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). While we do not apply a presumption of reasonableness to sentences within the applicable guideline range, we ordinarily expect within-guidelines sentences to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, Ellington has not shown that his 100-month sentence is substantively unreasonable. For starters, Ellington claims that the district court did not consider his policy argument about the "Ice" Guideline -- that the methamphetamine guidelines result in sentences that are greater than necessary and should be rejected because the methamphetamine purity guidelines were not empirically based and there is no correlation between drug purity and culpability -- but the record reflects otherwise. Ellington presented his

policy argument about the methamphetamine guideline in his written objections to the presentence investigation report and at the sentencing hearing. The district court said that it had considered the argument, as well as the cases cited to support it and that "[a]lthough I think I would have the discretion to agree, I don't believe it is a prudent exercise of my discretion to do so."

The district court was correct to recognize the matter as one left to its discretion. Further, the existence of statistics demonstrating that most methamphetamine tends to be relatively pure does not compel the district courts to vary dealers' sentences downward. And Ellington has not cited any case from the Supreme Court or our Court concluding that district courts must vary downward to account for the disparity the methamphetamine guidelines create. Thus, Ellington has not shown that the district court failed to consider a relevant factor that was due significant weight, or that it otherwise abused its discretion by failing to consider and give adequate weight to his argument as to the "Ice" Guideline. Moreover, as we've noted, a district court's reliance on a policy disagreement to impose a lower sentence is permissive, not mandatory.

Nor has Ellington shown that the district court committed any clear error in balancing the § 3553(a) factors. Ellington argues that the court did not give sufficient weight to the "Ice" Guideline's lack of empirical basis, his status as a low-level figure in the drug trade, his purportedly low risk of recidivism and the statements of support made in his favor. But the record reveals that the district court considered *all* of these mitigating factors, in addition to his

older age, his completion of mental health counseling and substance abuse treatment, and his motivation to help his mother and daughters. The court also confirmed that it considered the support of Ellington's friends and family, including five letters and testimony from more friends and family in mitigation, as well as his allocution statement.

Nevertheless, it was well within the court's discretion to give the mitigating factors less weight than aggravating factors, like the seriousness of the offense and Ellington's criminal history, which included several prior convictions for drug possession and distribution. The court observed that Ellington had reengaged in distribution less than a year after his release from a substantial sentence, which was "very serious and need[ed] to be accounted for," because the court found it "highly disturbing." It added that there was "a very strong need to deter [him,]" noting that he had also been dealing other "very serious" drugs. On this record, the court did not abuse its discretion by prioritizing § 3553(a) factors like Ellington's criminal history and the need for deterrence over the factors in mitigation.

It's also worth noting that Ellington's sentence of 100 months' imprisonment was within both the official range of 100 to 125 months and the varied range of 87 to 108 months, further weighing in favor of its reasonableness. Accordingly, Ellington has not carried the burden of establishing that his 100-month sentence was substantively unreasonable, and we affirm.

**AFFIRMED.**